

# NUMBER 13-12-00111-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

LUIS GARCIA,                                                               Appellant,

v.

THE STATE OF TEXAS,                                                        Appellee.

## On appeal from the 357th District Court
## of Cameron County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant, Luis Garcia, was convicted of driving while intoxicated (two or more

prior offenses), a third-degree felony.[1]  *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09(b)

(West 2011).  A jury found appellant guilty and assessed punishment at twenty five

---

[1]  The record shows that appellant was convicted of prior offenses of driving while intoxicated twice in 1987, once in 1988, twice in 1993, and once in 2011 (pending), in addition to prior criminal convictions for murder, assault family violence, failure to stop and render aid, display of fictitious license plate, and numerous convictions for public intoxication.

years' confinement in the Texas Department of Criminal Justice, Institutional Division, and a $10,000 fine. By his sole issue, appellant argues the trial court erred by refusing to grant his motion to suppress. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

During the suppression hearing, Chris Perez testified that he and a few friends were hanging out in front of a friend's house when they saw a vehicle drive by going at an extremely slow speed. The vehicle drove by a second time and then a third, at which point it came to a complete stop near where Perez and his friends were standing. Appellant, who was in the vehicle, stared at Perez and his friends in such a manner that they feared for their safety. Nonetheless, one of Perez's friends approached to see if appellant needed directions. Appellant did not roll down his window, but rather sped off. Perez called 911 and gave the dispatcher his name and contact information, together with a description of appellant's vehicle and license plate number. He told the dispatcher the vehicle was driving at a suspiciously slow speed around the neighborhood.

Officer John Jones testified that he was dispatched to the area where Perez reported appellant's suspicious driving. The area is a high-crime area, especially at night. He saw appellant's vehicle driving at an extremely slow rate of speed. The vehicle matched the description and the license plate number matched as well. Officer Jones pulled appellant over. Appellant was drunk. However, Officer Jones testified that he did not personally witness appellant commit any traffic violations or crime and had no knowledge of any crimes appellant had committed before he pulled appellant over.

2

Appellant moved to suppress evidence obtained as a result of the traffic stop. At the end of the hearing, the trial court denied appellant's motion to suppress.

## II.  STANDARD OF REVIEW

A trial court's ruling on a pre-trial motion to suppress is reviewed under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *St. George v. State*, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007). An appellate court must give almost total deference to the trial court's resolution of questions of historical fact and of mixed questions of law and fact, if resolution of such questions depends on an evaluation of credibility and demeanor. *Amador*, 221 S.W.3d at 673; *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). An appellate court reviews de novo mixed questions of law and fact that do not depend for their resolution on an evaluation of credibility and demeanor. *Amador*, 221 S.W.3d at 673; *Crain v. State*, 315 S.W.3d 43, 49 (Tex. Crim. App. 2010).

## III.  DISCUSSION

The Fourth Amendment to the United States Constitution guarantees the right of the people to be secure against unreasonable searches and seizures of their persons, houses, papers, and effects. U.S. Const. amend. IV. A warrantless seizure of a person must be justified by reasonable suspicion. *Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011). An investigative stop is by definition a warrantless seizure. *Crain*, 315 S.W.3d at 49.

A police officer has reasonable suspicion to conduct an investigative stop if, under the totality of the circumstances, he has specific, articulable facts that, combined with

3

rational inferences from those facts, would lead him reasonably to conclude that the person detained is, has been, or soon will be engaged in criminal activity. *Derichsweiler*, 348 S.W.3d at 914; *Crain*, 315 S.W.3d at 52. These facts must amount to more than a mere hunch or suspicion. *Crain*, 315 S.W.3d at 52; *Davis v. State*, 947 S.W.2d 240, 244 (Tex. Crim. App. 1997). The detaining officer does not need to be personally aware of every fact that objectively supports a reasonable suspicion in order to conduct an investigative stop. *Derichsweiler*, 348 S.W.3d at 914. Nor does the detaining officer have to personally witness the facts giving rise to the reasonable suspicion. *Brother v. State*, 166 S.W.3d 255, 258–59 (Tex. Crim. App. 2005). It is enough that a 911 police dispatcher is aware of such facts, and the facts are corroborated by the detaining officer. *Derichsweiler*, 348 S.W.3d at 914; *Brother*, 166 S.W.3d at 258–59 ("[A] stop based on facts supplied by a citizen-eyewitness, which are adequately corroborated by the arresting officer, do[es] not run afoul of the Fourth Amendment."). The information known to the 911 dispatcher is imputed to the detaining officer. *Derichsweiler*, 348 S.W.3d at 915.

The facts and circumstances known or imputed to the detaining officer may seem innocent enough in isolation, but if they combine to reasonably suggest that a crime is, has been, or will be committed, an investigative stop is justified. *See id.* at 917. For instance, the time of day or night and the crime rate in an area, though not dispositive in and of themselves, may be taken into account in determining whether reasonable suspicion exists to justify an investigative stop. *Crain*, 315 S.W.3d at 53. It is not a requirement that the facts point to the commission of a particular penal infraction in order

4

for reasonable suspicion to exist. *Derichsweiler*, 348 S.W.3d at 916. Moreover, information provided by a citizen informant who gives his name and contact information so that he may be held accountable for the accuracy and veracity of his report may be regarded as reliable. *Id.* at 914–15.

In the present case, Perez, a citizen eyewitness, gave his name and contact information to the 911 dispatcher and testified at the suppression hearing and at trial. The detaining officer was able to corroborate Perez's information by locating a vehicle in the disclosed location that matched the vehicle's description and license plate number. Therefore, the veracity and accuracy of Perez's report is not at issue. What is at issue is whether the totality of the circumstances, including the information given by Perez, provided specific, articulable facts that, combined with reasonable inferences derived from those facts, would lead to a reasonable suspicion that appellant committed, was committing, or would soon commit some type of crime or infraction to justify an investigative stop. *See id.*; *Crain*, 315 S.W.3d at 52.

In *Derichsweiler*, a citizen eyewitness and his wife reported that a strange man whom they did not know pulled up next to them while they were at a restaurant's drive-thru, stared and grinned at them for about thirty seconds, and then left. 348 S.W.3d at 909–10. After placing their order, they were asked to wait for their food in the parking lot. *Id.* The couple then noticed that the same man was parked in front of them, and that he was again staring and grinning at them. *Id.* The man circled around and pulled up next to the couple and continued to stare and grin at them. *Id.* The couple reported the man's suspicious behavior to police who arrested him. In upholding the trial

5

court's denial of the defendant's motion to suppress, the Texas Court of Criminal Appeals held that even though it was a close call, the defendant's repetitive and "strangely persistent, if admittedly non-criminal, behavior, gave rise to a reasonable suspicion that he was about to engage in criminal activity." *Id.* at 917.

As in *Derichsweiler*, appellant's behavior in the present case as observed by Perez, while non-criminal, was strange enough to give rise to reasonable suspicion. Appellant repeatedly drove through the same neighborhood at an extremely slow rate of speed during the night in a high-crime area. Appellant stared at Perez and his friends in such a manner as to make them fear for their safety. Appellant's suspicious conduct was reported to the 911 dispatcher by a non-anonymous citizen informant, who gave an accurate description of appellant's vehicle, appellant's license plate number, and the location where appellant could be found. We conclude that, under the totality of the circumstances, Officer Jones's investigative stop of appellant was justified. *See State v. Kerwick*, 393 S.W.3d 270 (Tex. Crim. App. 2013) (holding that under the totality of the circumstances reasonable suspicion existed to detain defendant even though none of the actions observed to be committed by defendant were criminal in nature); *see also McQuarters v. State*, 58 S.W.3d 250, 253 (Tex. App.—Fort Worth 2001, pet. ref'd) (holding police officer had reasonable suspicion to detain defendant driving at a rate considerably below the speed limit even if defendant had not committed any traffic violations). The trial court therefore did not err in denying the motion to suppress. We overrule appellant's sole issue.

## IV.  CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
18th day of July, 2013.

7